```
David N. Chandler, Sr.   SBN 60780
David N. Chandler, Jr.   SBN 235427
DAVID N. CHANDLER, p.c.
1747 Fourth Street
Santa Rosa, CA  95404
Telephone: (707) 528-4331

Attorneys for Debtors
```

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE:<br><br>CHUCK H. UTZMAN and<br>ANNA K. UTZMAN,<br><br>    Debtors.             / | CASE No. 14-31828<br><br>CHAPTER 11<br><br>SECOND AMENDED APPLICATION TO EMPLOY ATTORNEY UNDER GENERAL RETAINER NUNC PRO TUNC, AFFIDAVIT OF PROPOSED ATTORNEY TO BE EMPLOYED UNDER GENERAL RETAINER |

TO: HONORABLE HANNAH L. BLUMENSTIEL, JUDGE, UNITED STATES BANKRUPTCY COURT:

The Application of Chuck H. Utzman and Anna K. Utzman, Debtors herein, respectfully represents:

1. Applicants are the Debtors in the above-captioned Chapter 11 proceeding.

2. Applicants wish to retain DAVID N. CHANDLER, p.c., a professional corporation employing attorneys duly admitted to practice in this Court, nunc pro tunc to the beginning of the case, to represent them as general counsel before this Court in the above-captioned case and provide them assistance relative to the related case.

3. To the best of Applicants' knowledge, DAVID N. CHANDLER, p.c., does not have any connection with the Debtors, their creditors

or any other party in interest, or their respective attorneys or accountants, the United States Trustee or any person employed in the office of the United States Trustee, and represents no interest adverse to the estate in the matters upon which it is to be retained, except as may be stated in the Affidavit of David N. Chandler, Jr. filed herewith.

    4. Applicants wish to retain DAVID N. CHANDLER, p.c. retroactively to the beginning of the case. See In re Atkins (9th Cir. 1995) 69 F.3d 970, 974, discussing factors courts consider in evaluating whether to approve retroactively the employment of a professional. Applicants expressly contracted with DAVID N. CHANDLER, p.c. for legal services related to the within Chapter 11 case. Applicants approve of entry of a nunc pro tunc order. To the best of Applicants' knowledge, DAVID N. CHANDLER, p.c. will provide notice of the application to creditors and parties in interest and provided an opportunity for filing objections. To the best of Applicants' knowledge, DAVID N. CHANDLER, p.c. satisfied the criteria for employment pursuant to 11 U.S.C. § 327 and Bankruptcy Rule 2014. To the best of Applicants' knowledge, DAVID N. CHANDLER, p.c. has performed work properly, efficiently and to a high standard of quality. To the best of Applicants' knowledge, no actual or potential prejudice will result to the estate or other parties in interest from entry of a nunc pro tunc order. Applicant's inability to seek pre-employment approval for DAVID N. CHANDLER, p.c. is explained primarily by Rule 6003 which generally precludes entry of orders authorizing employment for 21-days after commencement of the case, and also that work performed between

commencement of the case and the present time was necessary to the case moving forward. Applicants have exhibited no pattern of inattention or negligence in soliciting judicial approval for the employment of professionals.

WHEREFORE, it is respectfully requested that the Debtors be authorized to employ, nunc pro tunc to the beginning of the case, DAVID N. CHANDLER, p.c. under a general retainer agreement, to represent Debtors in the above-captioned case before this Court, and that Debtors have such other and further relief as is just and proper.

Dated:   2/4/15                    /s/ Chuck H. Utzman
                                   CHUCK H. UTZMAN


                                   /s/ Anna K. Utzman
                                   ANNA K. UTZMAN


AFFIDAVIT OF PROPOSED ATTORNEY TO
BE EMPLOYED UNDER GENERAL RETAINER

DAVID N. CHANDLER, being duly sworn, deposes and says:

1.  I am an attorney at law, admitted to practice before all courts of the State of California, as well as this Court. I maintain an office at 1747 Fourth Street, Santa Rosa, California.

2.  Insofar as I have been able to ascertain, I do not, nor does any member/employee of my firm, David N. Chandler, p.c., have any connection with the Debtors herein, their creditors, or any other party in interest or their respective attorneys and accountants, the United States Trustee or any person employed in the Office of the United States Trustee except as stated herein.

3. Insofar as I have been able to ascertain, I do not represent any interest adverse to that of the estate of the debtors in the matters upon which I am to be engaged. I have never represented and have no prior contacts with the Debtors herein. I have no connections with any creditors insofar as known and represent no interests and have no interests except as stated herein.

4. The connections set forth herein are intended to comply with the disclosure requirements of Section 327 as set forth in <u>In re Park Helena Corp.</u>, 63 F.3d 877, 882 (9th Cir. 1995).

5. The following connections exist between the Declarant and the Debtor herein:

    a. The declarant and the Debtors had an attorney client relationship prior to the within Application upon consultation;

    b. Declarant and Debtors have electronic connections through internet service providers and telephone systems.

6. The forgoing connections set forth in paragraph 5 hereof are the only connections known to the Declarant which Declarant has with the Debtors.

7. The following connections exist between the Declarant and creditors of the Debtors herein:

    a. Declarant currently, and has in the past, represent[ed] debtors in unrelated matters who [which] have creditors in common with the Debtors herein and have discharged all or a portion of the claims of such creditors; and

    b. Declarant has creditors in common with the Debtors, i.e., Pacific Gas and Electric Company, and IRS.

8.  Declarant has no known connections with any creditor in the case their attorneys or accountants, except as set forth in paragraph 7 hereof.

9.  Based on the foregoing, I am a disinterested person within the meaning of Section 101(13) and 327 of the Bankruptcy Code. David N. Chandler, p.c. is disinterested.

10. I am qualified to represent the Debtors generally herein, and am willing to accept employment on the basis set forth in the annexed application.

11. My hourly rate is $420.00 per hour for my time, $520.00 per hour for senior attorney time and $135.00 per hour for paralegal time.

12. Affiant has advised the Debtors of my willingness to serve as their counsel under a general retainer based on time and standard billable charges.

13. The Debtors' inability to seek pre-employment approval for DAVID N. CHANDLER, p.c. is explained primarily by Rule 6003 which generally precludes entry of orders authorizing employment for 21-days after commencement of the case, and also that work performed between commencement of the case and the present time was necessary to the case moving forward. I was advised by the Court at the Status Conference on January 22, 2015 that the Application to Employ DAVID N. CHANDLER, p.c. should seek a nunc pro tunc order authorizing employment. On January 23, 2015, I amended the application and [proposed] order to request nunc pro tunc relief. I was then advised on January 29, 2015 that the amended application needed to address the factors discussed in In re Atkins (9th Cir.

1995) 69 F.3d 970 and the application was promptly amended.

14. Work performed by DAVID N. CHANDLER, p.c. has been performed properly, efficiently and to a high standard of quality.

15. DAVID N. CHANDLER, p.c. will provide notice of the application to creditors and parties in interest and provide an opportunity for filing objections.

Dated: 2/4/15              */s/ David N. Chandler, Jr.*
                           DAVID N. CHANDLER, JR.
                           Attorney for Debtors

## CERTIFICATE OF SERVICE

I am a citizen of the United States, and over the age of eighteen (18) years, employed at 1747 Fourth Street, Santa Rosa, California, and not a party to the within action.

On February 4, 2015, I served a copy of the following documents: SECOND AMENDED APPLICATION TO EMPLOY ATTORNEY UNDER GENERAL RETAINER NUNC PRO TUNC, AFFIDAVIT OF PROPOSED ATTORNEY TO BE EMPLOYED UNDER GENERAL RETAINER, and (PROPOSED) ORDER AUTHORIZING EMPLOYMENT OF COUNSEL NUNC PRO TUNC on the interested parties in said action by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid in the United States post office mail box at Santa Rosa, California, addressed as follows:

U.S. Dept. Of Justice
Office of the U.S. Trustee
235 Pine St., Ste. 700
San Francisco, CA 94104

I, JANE F. KAMAS, declare under penalty of perjury that the foregoing is true and correct.

Executed on February 4, 2015, Santa Rosa, California.

                                           */s/ Jane F. Kamas*
                                           JANE F. KAMAS

```
David N. Chandler, Sr.   SBN 60780
David N. Chandler, Jr.   SBN 235427
DAVID N. CHANDLER, p.c.
1747 Fourth Street
Santa Rosa, CA  95404
Telephone: (707) 528-4331

Attorneys for Debtors
```

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: | CASE No. 14-31828 |
| CHUCK H. UTZMAN and ANNA K. UTZMAN, | CHAPTER 11 |
| Debtors.                   / | SECOND AMENDED APPLICATION TO EMPLOY ATTORNEY UNDER GENERAL RETAINER NUNC PRO TUNC, AFFIDAVIT OF PROPOSED ATTORNEY TO BE EMPLOYED UNDER GENERAL RETAINER |

TO:  HONORABLE HANNAH L. BLUMENSTIEL, JUDGE, UNITED STATES BANKRUPTCY COURT:

The Application of Chuck H. Utzman and Anna K. Utzman, Debtors herein, respectfully represents:

1.  Applicants are the Debtors in the above-captioned Chapter 11 proceeding.

2.  Applicants wish to retain DAVID N. CHANDLER, p.c., a professional corporation employing attorneys duly admitted to practice in this Court, nunc pro tunc to the beginning of the case, to represent them as general counsel before this Court in the above-captioned case and provide them assistance relative to the related case.

3.  To the best of Applicants' knowledge, DAVID N. CHANDLER, p.c., does not have any connection with the Debtors, their creditors

or any other party in interest, or their respective attorneys or accountants, the United States Trustee or any person employed in the office of the United States Trustee, and represents no interest adverse to the estate in the matters upon which it is to be retained, except as may be stated in the Affidavit of David N. Chandler, Jr. filed herewith.

4. Applicants wish to retain DAVID N. CHANDLER, p.c. retroactively to the beginning of the case. See In re Atkins (9th Cir. 1995) 69 F.3d 970, 974, discussing factors courts consider in evaluating whether to approve retroactively the employment of a professional. Applicants expressly contracted with DAVID N. CHANDLER, p.c. for legal services related to the within Chapter 11 case. Applicants approve of entry of a nunc pro tunc order. To the best of Applicants' knowledge, DAVID N. CHANDLER, p.c. will provide notice of the application to creditors and parties in interest and provided an opportunity for filing objections. To the best of Applicants' knowledge, DAVID N. CHANDLER, p.c. satisfied the criteria for employment pursuant to 11 U.S.C. § 327 and Bankruptcy Rule 2014. To the best of Applicants' knowledge, DAVID N. CHANDLER, p.c. has performed work properly, efficiently and to a high standard of quality. To the best of Applicants' knowledge, no actual or potential prejudice will result to the estate or other parties in interest from entry of a nunc pro tunc order. Applicant's inability to seek pre-employment approval for DAVID N. CHANDLER, p.c. is explained primarily by Rule 6003 which generally precludes entry of orders authorizing employment for 21-days after commencement of the case, and also that work performed between

commencement of the case and the present time was necessary to the case moving forward. Applicants have exhibited no pattern of inattention or negligence in soliciting judicial approval for the employment of professionals.

WHEREFORE, it is respectfully requested that the Debtors be authorized to employ, nunc pro tunc to the beginning of the case, DAVID N. CHANDLER, p.c. under a general retainer agreement, to represent Debtors in the above-captioned case before this Court, and that Debtors have such other and further relief as is just and proper.

Dated: 2/4/15        /s/ Chuck H. Utzman
                     CHUCK H. UTZMAN


                     /s/ Anna K. Utzman
                     ANNA K. UTZMAN


AFFIDAVIT OF PROPOSED ATTORNEY TO
BE EMPLOYED UNDER GENERAL RETAINER

DAVID N. CHANDLER, being duly sworn, deposes and says:

1. I am an attorney at law, admitted to practice before all courts of the State of California, as well as this Court. I maintain an office at 1747 Fourth Street, Santa Rosa, California.

2. Insofar as I have been able to ascertain, I do not, nor does any member/employee of my firm, David N. Chandler, p.c., have any connection with the Debtors herein, their creditors, or any other party in interest or their respective attorneys and accountants, the United States Trustee or any person employed in the Office of the United States Trustee except as stated herein.

3. Insofar as I have been able to ascertain, I do not represent any interest adverse to that of the estate of the debtors in the matters upon which I am to be engaged. I have never represented and have no prior contacts with the Debtors herein. I have no connections with any creditors insofar as known and represent no interests and have no interests except as stated herein.

4. The connections set forth herein are intended to comply with the disclosure requirements of Section 327 as set forth in <u>In re Park Helena Corp.</u>, 63 F.3d 877, 882 (9th Cir. 1995).

5. The following connections exist between the Declarant and the Debtor herein:

    a. The declarant and the Debtors had an attorney client relationship prior to the within Application upon consultation;

    b. Declarant and Debtors have electronic connections through internet service providers and telephone systems.

6. The forgoing connections set forth in paragraph 5 hereof are the only connections known to the Declarant which Declarant has with the Debtors.

7. The following connections exist between the Declarant and creditors of the Debtors herein:

    a. Declarant currently, and has in the past, represent[ed] debtors in unrelated matters who [which] have creditors in common with the Debtors herein and have discharged all or a portion of the claims of such creditors; and

    b. Declarant has creditors in common with the Debtors, i.e., Pacific Gas and Electric Company, and IRS.

8. Declarant has no known connections with any creditor in the case their attorneys or accountants, except as set forth in paragraph 7 hereof.

9. Based on the foregoing, I am a disinterested person within the meaning of Section 101(13) and 327 of the Bankruptcy Code. David N. Chandler, p.c. is disinterested.

10. I am qualified to represent the Debtors generally herein, and am willing to accept employment on the basis set forth in the annexed application.

11. My hourly rate is $420.00 per hour for my time, $520.00 per hour for senior attorney time and $135.00 per hour for paralegal time.

12. Affiant has advised the Debtors of my willingness to serve as their counsel under a general retainer based on time and standard billable charges.

13. The Debtors' inability to seek pre-employment approval for DAVID N. CHANDLER, p.c. is explained primarily by Rule 6003 which generally precludes entry of orders authorizing employment for 21-days after commencement of the case, and also that work performed between commencement of the case and the present time was necessary to the case moving forward. I was advised by the Court at the Status Conference on January 22, 2015 that the Application to Employ DAVID N. CHANDLER, p.c. should seek a nunc pro tunc order authorizing employment. On January 23, 2015, I amended the application and [proposed] order to request nunc pro tunc relief. I was then advised on January 29, 2015 that the amended application needed to address the factors discussed in In re Atkins (9th Cir.

1995) 69 F.3d 970 and the application was promptly amended.

14. Work performed by DAVID N. CHANDLER, p.c. has been performed properly, efficiently and to a high standard of quality.

15. DAVID N. CHANDLER, p.c. will provide notice of the application to creditors and parties in interest and provide an opportunity for filing objections.

Dated:    2/4/15                    */s/ David N. Chandler, Jr.*
                                    DAVID N. CHANDLER, JR.
                                    Attorney for Debtors

## CERTIFICATE OF SERVICE

I am a citizen of the United States, and over the age of eighteen (18) years, employed at 1747 Fourth Street, Santa Rosa, California, and not a party to the within action.

On February 4, 2015, I served a copy of the following documents: SECOND AMENDED APPLICATION TO EMPLOY ATTORNEY UNDER GENERAL RETAINER NUNC PRO TUNC, AFFIDAVIT OF PROPOSED ATTORNEY TO BE EMPLOYED UNDER GENERAL RETAINER, and (PROPOSED) ORDER AUTHORIZING EMPLOYMENT OF COUNSEL NUNC PRO TUNC on the interested parties in said action by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid in the United States post office mail box at Santa Rosa, California, addressed as follows:

U.S. Dept. Of Justice
Office of the U.S. Trustee
235 Pine St., Ste. 700
San Francisco, CA 94104

I, JANE F. KAMAS, declare under penalty of perjury that the foregoing is true and correct.

Executed on February 4, 2015, Santa Rosa, California.

/s/ Jane F. Kamas
JANE F. KAMAS