**Entered on Docket**
**February 20, 2015**
**EDWARD J. EMMONS, CLERK**
**U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**





David N. Chandler, Sr. SBN 60780
David N. Chandler, Jr. SBN 235427
DAVID N. CHANDLER, p.c.
1747 Fourth Street
Santa Rosa, CA 95404
Telephone: (707) 528-4331

Attorneys for Debtors


**Signed and Filed: February 19, 2015**

**HANNAH L. BLUMENSTIEL**
**U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

| IN RE: | CASE No. 14-31828 HLB |
|---|---|
| CHARLES HENRY UTZMAN and ANNA KATHRYN UTZMAN, | CHAPTER 11 |
| Debtors. / | ORDER AUTHORIZING EMPLOYMENT OF COUNSEL NUNC PRO TUNC |

On February 4, 2015, the Debtors filed a Second Amended Application to Employ Counsel nunc pro tunc to the beginning of the case. There being no opposition, and for good cause shown, the Court hereby **ORDERS** as follows:

1. Debtor is authorized to employ David N. Chandler, Jr. and his firm (“Counsel”) as general bankruptcy counsel nunc pro tunc to the beginning of the case.

2. Counsel shall place the unearned balance of any initial retainer in Counsel’s trust account. Notwithstanding any agreement to the contrary, fees may not be considered earned until work is performed at Counsel’s normal hourly rate. Counsel may draw funds out of the trust account as they are earned for services benefitting the estate only. No order of Court is necessary.

3. Counsel shall accept no further funds from Debtor beyond the initial retainer without an authorizing court order.

4. Under no circumstances shall Counsel represent Debtor personally where such representation is contrary to the interests of the bankruptcy estate.

5. Counsel may represent Debtor personally in matters which do not benefit the estate, so long as such matters are not contrary to the interests of the bankruptcy estate, such as defending dischargeability actions or avoiding a lien on exempt property.

6. Counsel may not use retainer funds to pay for the services described in paragraph 5 above. Counsel may seek compensation for such services in a fee application, provided the services are segregated and properly identified. Fees may be awarded for such services where the Court finds that the services contributed to a successful reorganization or the fees will not be paid by the estate.

7. All funds paid to Counsel in connection with the representation approved pursuant to this order are subject to review and final approval by the Court.

8. Any terms contained in Counsel's engagement agreement with the Debtor that are contrary to the Bankruptcy Code or Rules are void.

9. Counsel shall file applications for approval of fees and expenses in accordance with 11 U.S.C. §§ 326-331 (as applicable); Fed. R. Bankr. Proc. 2016(a), 2002(a), (c), and (k); B.L.R. 9014-1(b)(1); and the Northern District's Guidelines for Compensation and Expense Reimbursement of Professionals and Trustees (available on the court website at http://www.canb.uscourts.gov/). Fee

Case: 14-31828 Doc# 25 Filed: 02/19/15 Entered: 02/20/15 09:18:52 Page 2 of 4

applications that do not comply with the foregoing authority may be denied.

10. The terms of this order may be modified only upon notice to all creditors and the U.S. Trustee, and only after an actual hearing, regardless of whether there is any opposition.

****END OF ORDER****

**Court Service List**

[None]