Peter S. Muñoz (SBN 66942)
Email: pmunoz@reedsmith.com
John D. Pingel (SBN 267310)
Email: jpingel@reedsmith.com
Stella Y. Kim (SBN 256774)
Email: skim@reedsmith.com
REED SMITH LLP
101 Second Street, Suite 1800
San Francisco, CA 94105-3659
Telephone: +1 415 543 8700
Facsimile: +1 415 391 8269

Attorneys for Movant
SUNTRUST MORTGAGE, INC., its successor
and/or assigns

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>CHARLES HENRY UTZMAN and ANNA KATHRYN UTZMAN<br><br>Debtors. | Case No.: 14-31828<br>Chapter 11<br><br>Ref. No. PSM-1<br><br>**SUNTRUST MORTGAGE, INC.'S NOTICE OF MOTION AND MOTION FOR RELIEF FROM AUTOMATIC STAY** |
| SUNTRUST MORTGAGE, INC., its successor and/or assigns,<br><br>Movant.<br><br>vs.<br><br>CHARLES HENRY UTZMAN, Debtor and ANNA KATHRYN UTZMAN, Joint Debtor,<br><br>Respondents. | Date: May 14, 2015<br>Time: 1:00 p.m.<br>Location: Courtroom 23<br>235 Pine Street<br>San Francisco, CA 94104<br><br>Honorable Hannah L. Blumenstiel<br><br>*Accompanying Papers*:<br>1) *Memorandum of Points and Authorities*<br>2) *Declaration of Robin Hunter*<br>3) *Declaration of Matthew L. Malik* |

TO THE HONORABLE HANNAH L. BLUMENSTIEL, UNITED STATES BANKRUPTCY COURT JUDGE, THE DEBTORS, COUNSEL FOR DEBTORS, PETITIONING CREDITORS, AND OTHER INTERESTED PARTIES:

**PLEASE TAKE NOTICE** that SunTrust Mortgage, Inc. and its successors and/or assigns ("SunTrust") has filed a Motion For Relief From Automatic Stay ("Motion") in the above-entitled Chapter 11 case. The Motion will be heard before the Honorable Hannah L. Blumenstiel on May 14, 2015, at 1:00 p.m. in Courtroom 23 of the United States Bankruptcy Court located at 235 Pine Street, San Francisco, CA 94104.

SunTrust hereby moves this Court an order granting it relief from the automatic stay of 11 U.S.C. § 362 to foreclose upon real property located in Marin County, California, commonly referred to as 169 Rose Avenue, Mill Valley, California 94941 (the "Property").

SunTrust's relief requested from the automatic stay is made pursuant to 11 U.S.C. § 362(d)(1) for "cause," including a lack of adequate protection, and pursuant to Section 362(d)(2) based upon the following grounds:

1. SunTrust has a priority lien on the Property to secure repayment of a promissory note in the original principal sum of $1,365,000.00. The Loan is, and has been for over six years, in default, and the Debtors Chuck Utzman and Anna K. Utzman ("Debtors") are past due on six years of payments, for the months of January 1, 2009 to March 1, 2015.

2. Debtors' default was not just the failure to make the regularly scheduled payments required under the Loan. The loan was a construction loan and had certain requirements. The Debtors also failed: to pay all subcontractors; to keep the Property free of mechanics liens, to complete construction in good workmanlike manner, to maintain all necessary easements and to obtain a Certificate of Occupancy for the Property so that it could be legally occupied; to pay all insurance on the Property and to pay all taxes on the Property.

3. There is no equity in the Property for the benefit of the Debtors, since the Property is over-encumbered.

4. The Property is not being adequately protected. Taxes are not being paid, and the Property is further encumbered by multiple junior liens, thereby putting SunTrust's collateral at risk.

5. The Property would not contribute to or be necessary for the Debtors' effective reorganization.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

Pursuant to Section 362(d)(1), the Court may grant relief from the stay of Section 362(a) for "cause," including a lack of adequate protection of an interest in property. *See* 11 U.S.C. § 362(d)(1).

In addition, relief may independently be granted under Section 362(d)(2) where a debtor does not have equity in the property and the property is not necessary for an effective reorganization. *See* 11 U.S.C. § 362(d)(2). Based upon the aforementioned, SunTrust submits "cause" exists wherefrom it is entitled to relief from the automatic stay and further submits that it is entitled to relief pursuant to Section 362(d)(2).

This Motion is based upon this Notice of Motion and Motion; the Declarations of Robin Hunter and Matthew L. Malik and the exhibits thereto filed in support of the Motion; the Memorandum of Points and Authorities filed herewith; all documents, records, judgments and pleadings on file herein; and any evidence and/or oral argument presented at the time of hearing on this Motion.

Pursuant to Local Bankruptcy Rule 4001-1(a), respondents opposing the Motion shall appear personally or by counsel at the hearing. Pursuant to Local Bankruptcy Rule 4001-1(f), respondents will not be required to, but may, file responsive pleadings, points and authorities, and declaration for any preliminary hearing.

Respectfully Submitted,

DATED: April 5, 2015       REED SMITH LLP

By: /s/ *Peter S. Muñoz*
Peter S. Muñoz
Attorney for SUNTRUST MORTGAGE, INC., its successor and/or assigns