David N. Chandler, Sr.    SBN 60780
David N. Chandler, Jr.    SBN 235427
DAVID N. CHANDLER, p.c.
1747 Fourth Street
Santa Rosa, CA  95404
Telephone: (707) 528-4331

Attorneys for Debtors

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

IN RE:                        CASE No.  14-31828 HLB

CHUCK H. UTZMAN and           CHAPTER 11
ANNA K. UTZMAN,

    Debtors.                /    CHAPTER 11 PLAN

    Chuck and Anna Utzman, Debtors herein, propose the following

Plan pursuant to Chapter 11 of the Bankruptcy Code:

ARTICLE I

DEFINITIONS

    For purposes of the Plan, the following terms shall have the

meanings hereinafter set forth:

    1.01.    Allowed claim shall mean a Claim (a) in respect of

which a Proof of Claim has been filed with the Court within the

applicable period of limitation fixed by Rule 3001, or (b) scheduled

in the list of creditors prepared and filed with the Court pursuant

to Rule 1007(b) and not listed as disputed, contingent or

unliquidated as to amount, in either case as to which no objection

to allowance thereof has been interposed with any applicable period

of limitation fixed by Rule 3001, or by Order of the Court, or as to

which any such objection has been determined which is no longer

subject to appeal or certiorari and as to which no appeal or

certiorari proceeding is pending.

1.02.  <u>Allowed Secured Claim</u> shall mean the Allowed Claim secured by a lien, security interest or other charge against the property in which Debtor has an interest, or which is subject to setoff under Section 553 of the Code to the extent of the value (determined in accordance with 506(a) of the Code) of the interest of the holder of such Allowed Claim in the Debtors' interest in such property or to the extent of the amount subject to such setoff, as the case may be.

1.03.  <u>Claim</u> shall mean any right to payment, or right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, against Debtors in existence on or as of the Petition Date, whether or not such right to payment or right to equitable remedy is reduced to judgment, liquidated, undisputed, legal, secured, unsecured, known or unknown.

1.04.  <u>Class</u> shall mean any class into which Allowed Claims or Allowed Interests are classified pursuant to Article III.

1.05.  <u>Class 1 Claims, Class 2 Claims, Class 3 Claims, Class 4 Claims, Class 5 Claims, Class 6 Claims, Class 7 Claims, Class 8 Claims, Class 9 Claims, Class 10 Claims, Class 11 Claims, Class 12 Claims, Class 13 Claims and Class 14 Claims, Class 15 Claims, Class 16 Claims, Class 17 Claims and Class 18 Interests</u> shall mean Allowed Claims and Interests so classified in Sections 3.01 through 3.18 respectively.

1.06.  <u>Bankruptcy Code</u> shall mean the Bankruptcy Code, 11 U.S.C. section 101, et seq., and any amendments thereof.

1.07.  <u>Bankruptcy Court</u> shall mean the United States Bankruptcy Court for the Northern District Of California in which the Debtors' Chapter 11 case, pursuant to which the Plan is

proposed, is pending and any Court having competent jurisdiction to hear appeals or certiorari proceedings therefrom.

1.08.     <u>Confirmation Date</u> shall mean the date upon which the Order of Confirmation is entered by the Court.

1.09.     <u>Debtors</u> means the Debtors in this Chapter 11 case.

1.10.     <u>Market Rate of Interest</u> means 3.5% per annum or such other rate of interest as the Court determines at the time of confirmation.

1.11.     <u>Order of Confirmation</u> means the Order entered by the Bankruptcy Court confirming the "Plan" in accordance with provisions of Chapter 11 of the Bankruptcy Code.

1.12.     <u>Petition Date</u> means December 23, 2014, the date of the filing of the voluntary petition.

1.13.     <u>Plan</u> means this Chapter 11 Plan, as may be amended or modified in accordance with the Code.

1.14.     <u>Rules</u> means Bankruptcy Rules, as amended and supplemented by the Suggested Interim Bankruptcy Rules, as adopted by the Court.

1.15.     <u>Improved Parcel</u> means that certain real property located in Marin County, commonly described as 169 Rose, Mill Valley California 94941, APN: 027-252-51.

1.16.     <u>Unimproved Parcel</u> means that certain real property located in Mill Valley, Marin County, APN: 027-252-52.

ARTICLE II

EXPENSES OF ADMINISTRATION

2.01.     Administrative expenses of the Debtors' Chapter 11 case allowed pursuant to Section 503(b) of the Code shall be paid in full at the Confirmation Date unless otherwise Ordered by the Court,

in cash, or upon such other terms as may be agreed upon by the holder(s) of such claim(s) and Debtor. Any fees due the U.S. Trustee and unpaid on the Confirmation Date shall be paid in full on or before the Confirmation Date.

ARTICLE III

CLASSIFICATION OF CLAIMS

The Claims are classified as follows:

3.01.　　<u>Class 1 Claims.</u>　Allowed claims entitled to priority pursuant to Section 507 of the Code.

3.02.　　<u>Class 2 Claims.</u> Allowed secured claim of the County of Marin based upon the secured tax roll and secured by the Unimproved Parcel.

3.03.　　<u>Class 3 Claims.</u>　Allowed claim of Stewart Title Guaranty Company secured by the Unimproved Parcel.

3.04.　　<u>Class 4 Claims.</u> Allowed secured claim of the County of Marin based upon the secured tax roll and secured by the Improved Parcel.

3.05.　　<u>Class 5 Claims.</u> Allowed claim of SunTrust Mortgage, Inc. secured by the Improved Parcel.

3.06.　　<u>Class 6 Claims.</u> Allowed claim of McKinley Elevator secured by mechanics lien(s) and/or judgment lien(s).

3.07.　　<u>Class 7 Claims.</u>　Allowed claim of Rafael Lumber secured by a mechanics lien and/or judgment lien.

3.08.　　<u>Class 8 Claims.</u>　Allowed claim of Golden State Lumber secured by a mechanics lien and/or judgment lien.

3.09.　　<u>Class 9 Claims.</u>　Allowed claim of Jackson's Hardware secured by a mechanics lien and/or judgment lien.

3.10.     Class 10 Claims.     Allowed   claim   of MV Lumber secured by a mechanics lien and/or judgment lien.

3.11.     Class 11 Claims.     Allowed claim of Rich Readimix Concrete, Inc. secured by a mechanics lien and/or judgment lien.

3.12.     Class 12 Claims.     Allowed claim of GE Moneybank secured by a judgment lien.

3.13.     Class 13 Claims.     Allowed   claim   of FIA Card Services, N.A. secured by a judgment lien.

3.14.     Class 14 Claims.     Allowed claim of Great Western Collection Bureau secured by a judgment lien.

3.15.     Class 15 Claims.     Allowed   unsecured claims of McKinley Elevator,   Rafael Lumber, Golden State Lumber, Jackson's Hardware, MV Lumber, Rich Readimix Concrete, Inc., GE Moneybank, FIA Card Services, N.A., Great Western Collection Bureau and any other party holding an involuntary lien related to construction and/or improvement of the Improved Parcel or the Unimproved Parcel to the extent the underlying claims are determined unsecured within the meaning of 11 U.S.C. Section 506.

3.16.     Class 16 Claims.     Allowed unsecured deficiency claims of Stewart Title Guaranty Company and/or SunTrust Mortgage, Inc. to the extent Class 3 and/or Class 5 claims are determined unsecured within the meaning of 11 U.S.C. Section 506.

3.17.     Class 17 Claims.     Allowed   claims of creditors, other than those holding allowed Class 1 Claims, Class 2 Claims, Class 3 Claims, Class 4 Claims, Class 5 Claims, Class 6 Claims, Class 7 Claims, Class 8 Claims, Class 9 Claims, Class 10 Claims, Class 11 Claims, Class 12 Claims, Class 13 Claims, Class 14 Claims,

Class 15 Claims, Class 16 Claims and Class 18 Interests including, but not limited to, creditors whose claims may arise out of the rejection of executory contracts and secured creditors to the extent that the Court finds the same unsecured in whole or in part.

3.18.    <u>Class 18 Interests</u>. Allowed interests of Debtors.

ARTICLE IV

CLAIMS NOT IMPAIRED UNDER THE PLAN

4.01.    Reserved.

ARTICLE V

TREATMENT OF IMPAIRED CLASSES OF CLAIMS

5.01.    <u>Class 1 Claims are impaired.</u>  Holders of allowed Class 1 Claims shall be paid in equal monthly installments of principal and interest or more at the statutory rate over sixty (60) consecutive months commencing on the effective date of the Plan.

5.02.    <u>Class 2 Claims are impaired.</u>  Holders of allowed Class 2 Claims which are not current on the effective date of the Plan shall be placed on a five year plan as provided by statute for the Unimproved Parcel.

a.    Such Holders shall retain the lien in the collateral to the extent Claims are secured within the meaning of 11 U.S.C. Section 506(a).

5.03.    <u>Class 3 Claims are impaired.</u>  Holders of allowed Class 3 Claims shall be paid an amount equal to such Holder's interest in the Debtors' interest in the collateral, to be determined in accordance with Section 506 of the Bankruptcy Code, in monthly installments of principal and interest at a Market Rate of Interest based upon a thirty year amortization.

a. Other than as provided in subsection (c), such Holders shall retain the lien in the collateral to the extent Claims are secured within the meaning of 11 U.S.C. Section 506(a), subject to determination that the lien is void pursuant to 11 U.S.C. Section 506(d).

b. To the extent Class 3 Claims are determined unsecured within the meaning of 11 U.S.C. Section 506(a) and there is application of 11 U.S.C. Section 506(d), the resulting allowed unsecured claims shall be treated as Class 16 Claims.

c. The Debtors shall take the actions described in Sections 7.02 and 7.03, infra. The lien of Holders of allowed Class 3 Claims shall be subject to the easement described in Section 7.02. The exclusive easement or conveyance via lot line adjustment, more particularly described in Section 7.03, shall become the collateral of Holders of allowed Class 3 Claims. Confirmation of the Plan shall operate to consummate and give effect to the foregoing.

5.04. Class 4 Claims are impaired. Holders of allowed Class 4 Claims which are not current on the effective date of the Plan shall be placed on a five year plan as provided by statute for the Improved Parcel.

a. Such Holders shall retain the lien in the collateral to the extent Claims are secured within the meaning of 11 U.S.C. Section 506(a)

5.05. Class 5 Claims are impaired. Holders of allowed Class 5 Claims shall be paid an amount equal to such Holder's interest in the Debtors' interest in the collateral, to be

determined in accordance with Section 506 of the Bankruptcy Code, in monthly installments of principal and interest at a Market Rate of Interest based upon a thirty year amortization.

    a. Other than as provided in subsection (c), such Holders shall retain the lien in the collateral to the extent Claims are secured within the meaning of 11 U.S.C. Section 506(a), subject to determination that the lien is void pursuant to 11 U.S.C. Section 506(d).

    b. To the extent Class 5 Claims are determined unsecured within the meaning of 11 U.S.C. Section 506(a) and there is application of 11 U.S.C. Section 506(d), the resulting allowed unsecured claims shall be treated as Class 16 Claims.

    c. The Debtors shall take the actions described in Sections 7.02 and 7.03, infra. The lien of Holders of allowed Class 5 Claims shall be subject to the exclusive easement or conveyance via lot line adjustment, more particularly described in Section 7.03. The easement described in Section 7.02 shall become the collateral of Holders of allowed Class 5 Claims. Confirmation of the Plan shall operate to consummate and give effect to the foregoing.

    5.06. _Class 6 Claims are impaired._ Holders of allowed Class 6 Claims shall be paid an amount equal to such Holder's interest in the Debtors' interest in the collateral, to be determined in accordance with Section 506 of the Bankruptcy Code, in monthly installments of principal and interest at a Market Rate of Interest based upon a thirty year amortization.

    a. Such Holders shall retain the lien in the collateral

to the extent Claims are secured within the meaning of 11 U.S.C. Section 506(a), subject to determination that the lien is void pursuant to 11 U.S.C. Section 506(d).

        b.   To the extent Class 6 Claims are determined unsecured within the meaning of 11 U.S.C. Section 506(a) and there is application of 11 U.S.C. Section 506(d), the resulting allowed unsecured claims shall be treated as Class 15 Claims.

        5.07.   <u>Class 7 Claims are impaired.</u>  Holders of allowed Class 7 Claims shall be paid an amount equal to such Holder's interest in the Debtors' interest in the collateral, to be determined in accordance with Section 506 of the Bankruptcy Code, in monthly installments of principal and interest at a Market Rate of Interest based upon a thirty year amortization.

        a.   Such Holders shall retain the lien in the collateral to the extent Claims are secured within the meaning of 11 U.S.C. Section 506(a), subject to determination that the lien is void pursuant to 11 U.S.C. Section 506(d).

        b.   To the extent Class 7 Claims are determined unsecured within the meaning of 11 U.S.C. Section 506(a) and there is application of 11 U.S.C. Section 506(d), the resulting allowed unsecured claims shall be treated as Class 15 Claims.

        5.08.   <u>Class 8 Claims are impaired.</u>  Holders of allowed Class 8 Claims shall be paid an amount equal to such Holder's interest in the Debtors' interest in the collateral, to be determined in accordance with Section 506 of the Bankruptcy Code, in monthly installments of principal and interest at a Market Rate of Interest based upon a thirty year amortization.

a. Such Holders shall retain the lien in the collateral to the extent Claims are secured within the meaning of 11 U.S.C. Section 506(a), subject to determination that the lien is void pursuant to 11 U.S.C. Section 506(d).

b. To the extent Class 8 Claims are determined unsecured within the meaning of 11 U.S.C. Section 506(a) and there is application of 11 U.S.C. Section 506(d), the resulting allowed unsecured claims shall be treated as Class 15 Claims.

5.09. <u>Class 9 Claims are impaired.</u> Holders of allowed Class 9 Claims shall be paid an amount equal to such Holder's interest in the Debtors' interest in the collateral, to be determined in accordance with Section 506 of the Bankruptcy Code, in monthly installments of principal and interest at a Market Rate of Interest based upon a thirty year amortization.

a. Such Holders shall retain the lien in the collateral to the extent Claims are secured within the meaning of 11 U.S.C. Section 506(a), subject to determination that the lien is void pursuant to 11 U.S.C. Section 506(d).

b. To the extent Class 9 Claims are determined unsecured within the meaning of 11 U.S.C. Section 506(a) and there is application of 11 U.S.C. Section 506(d), the resulting allowed unsecured claims shall be treated as Class 15 Claims.

5.10. <u>Class 10 Claims are impaired.</u> Holders of allowed Class 10 Claims shall be paid an amount equal to such Holder's interest in the Debtor's interest in the collateral, to be determined in accordance with Section 506 of the Bankruptcy Code, in monthly installments of principal and interest at a Market Rate of

Interest based upon a thirty year amortization.

    a.  Such Holders shall retain the lien in the collateral to the extent Claims are secured within the meaning of 11 U.S.C. Section 506(a), subject to determination that the lien is void pursuant to 11 U.S.C. Section 506(d).

    b.  To the extent Class 10 Claims are determined unsecured within the meaning of 11 U.S.C. Section 506(a) and there is application of 11 U.S.C. Section 506(d), the resulting allowed unsecured claims shall be treated as Class 15 Claims.

    5.11.  <u>Class 11 Claims are impaired.</u> Holders of allowed Class 11 Claims shall be paid an amount equal to such Holder's interest in the Debtor's interest in the collateral, to be determined in accordance with Section 506 of the Bankruptcy Code, in monthly installments of principal and interest at a Market Rate of Interest based upon a thirty year amortization.

    a.  Such Holders shall retain the lien in the collateral to the extent Claims are secured within the meaning of 11 U.S.C. Section 506(a), subject to determination that the lien is void pursuant to 11 U.S.C. Section 506(d).

    b.  To the extent Class 11 Claims are determined unsecured within the meaning of 11 U.S.C. Section 506(a) and there is application of 11 U.S.C. Section 506(d), the resulting allowed unsecured claims shall be treated as Class 15 Claims.

    5.12.  <u>Class 12 Claims are impaired.</u> Holders of allowed Class 12 Claims shall be paid an amount equal to such Holder's interest in the Debtor's interest in the collateral, to be determined in accordance with Section 506 of the Bankruptcy Code, in

monthly installments of principal and interest at a Market Rate of Interest based upon a thirty year amortization.

      a.   Such Holders shall retain the lien in the collateral to the extent Claims are secured within the meaning of 11 U.S.C. Section 506(a), subject to determination that the lien is void pursuant to 11 U.S.C. Section 506(d).

      b.   To the extent Class 12 Claims are determined unsecured within the meaning of 11 U.S.C. Section 506(a) and there is application of 11 U.S.C. Section 506(d), the resulting allowed unsecured claims shall be treated as Class 15 Claims.

    5.13.    <u>Class 13 Claims are impaired.</u> Holders of allowed Class 13 Claims shall be paid an amount equal to such Holder's interest in the Debtor's interest in the collateral, to be determined in accordance with Section 506 of the Bankruptcy Code, in monthly installments of principal and interest at a Market Rate of Interest based upon a thirty year amortization.

      a.   Such Holders shall retain the lien in the collateral to the extent Claims are secured within the meaning of 11 U.S.C. Section 506(a), subject to determination that the lien is void pursuant to 11 U.S.C. Section 506(d).

      b.   To the extent Class 13 Claims are determined unsecured within the meaning of 11 U.S.C. Section 506(a) and there is application of 11 U.S.C. Section 506(d), the resulting allowed unsecured claims shall be treated as Class 15 Claims.

    5.14.    <u>Class 14 Claims are impaired.</u> Holders of allowed Class 14 Claims shall be paid an amount equal to such Holder's interest in the Debtor's interest in the collateral, to be

determined in accordance with Section 506 of the Bankruptcy Code, in monthly installments of principal and interest at a Market Rate of Interest based upon a thirty year amortization.

a. Such Holders shall retain the lien in the collateral to the extent Claims are secured within the meaning of 11 U.S.C. Section 506(a), subject to determination that the lien is void pursuant to 11 U.S.C. Section 506(d).

b. To the extent Class 14 Claims are determined unsecured within the meaning of 11 U.S.C. Section 506(a) and there is application of 11 U.S.C. Section 506(d), the resulting allowed unsecured claims shall be treated as Class 15 Claims.

5.15. Class 15 Claims are impaired. Holders of allowed Class 15 Claims, Class 16 Claims and Class 17 Claims shall be paid the aggregate and total amount of $30,000 in 60 equal monthly installments which shall be distributed to Holders of the three Classes of Claims on a pro-rata basis each quarter.

5.16. Class 16 Claims are impaired. Holders of allowed Class 15 Claims, Class 16 Claims and Class 17 Claims shall be paid the aggregate and total amount of $30,000 in 60 equal monthly installments which shall be distributed to Holders of the three Classes of Claims on a pro-rata basis each quarter.

5.17. Class 17 Claims are impaired. Holders of allowed Class 15 Claims, Class 16 Claims and Class 17 Claims shall be paid the aggregate and total amount of $30,000 in 60 equal monthly installments which shall be distributed to Holders of the three Classes of Claims on a pro-rata basis each quarter.

5.18. Class 18 Interests are impaired. Holders of allowed

Class 18 Interests shall retain exempt property and all rights to exemption. Such holders shall retain their rights pursuant to 11 U.S.C. Sections 544, et seq. and 522(f) to avoid liens and transfers. The property of the estate shall re-vest in the Debtor on the effective date of the Plan subject to the terms of the Plan.

5.19. <u>Election claim(s) under 11 U.S.C. § 1111(b)(2)</u>. In the event that any Class of claims makes the election contemplated in Section 1111(b)(2) of the Code, in addition to the particular treatment provided for such Class, supra, the treatment afforded electing claims shall be as follows:

Creditors holding election claims shall retain their liens to the extent of their total allowed claim without application of 11 U.S.C. § 506(d). The payments contemplated in the relevant treatment section for an electing class, supra, shall continue beyond the term set forth therein as is necessary to pay the electing creditor(s) a sum equal to such creditor(s) total allowed claim(s). If the sum of payments contemplated in the relevant treatment section for the electing class, supra, equals or exceeds the electing creditor(s) total allowed claim(s), the duration of payments shall not be extended beyond the term set forth therein. Should the collateral be sold or refinanced, any unpaid portion of the lien shall be then due and payable.

ARTICLE VI

TREATMENT OF EXECUTORY CONTRACTS

6.01. <u>Executory Contracts.</u> Debtors reject all executory contracts.

ARTICLE VII

MEANS FOR THE PLAN'S EXECUTION

7.01.    Debtor Chuck H. Utzman will continue to generate income from residential construction consulting.

7.02.    As soon as practicable after the effective date, the Debtors shall, in a manner consistent with Exhibit A, convey an easement for uses related to sewer and utility service from the Unimproved Parcel to the Improved Parcel, of which the Improved Parcel shall be the dominant tenement and the Unimproved Parcel shall be the servient tenement.

7.03.    As soon as practicable after the effective date, the Debtors shall do one of the following based upon relative cost and/or requirements of applicable governmental unit(s):

    a.    In a manner consistent with Exhibit A, adjust the lot line between the Unimproved Parcel and the Improved Parcel for purposes of access and a garage or other structure for parking exclusively used for the Unimproved Parcel; or

    b.    In a manner consistent with Exhibit A, convey an exclusive easement for purposes of access and a garage or other structure for parking from the Improved Parcel to the Unimproved Parcel, of which the Unimproved Parcel shall be the dominant tenement and the Improved Parcel shall be the servient tenement.

7.04.    The Debtors may lease all or part of the Improved Parcel in order to generate rental income.

7.05.    The Debtors may complete the development of the Improved Parcel. At any time, the Debtors may refinance or sell such property and pay encumbrances.

7.06.     The Debtors may develop the Unimproved Parcel.  At any time, the Debtors may refinance or sell such property and pay encumbrances.

7.07.     The Debtors shall commence payments to holders of allowed secured claims on the effective date of the Plan as herein set forth.

7.08.     Motions or Adversary Proceedings will be commenced within 90 days of the effective date to determine such secured amounts pursuant to Section 506 where such determination is relevant to the implementation of the Plan terms.

7.09.     Taxes on the secured tax roll secured by the properties set forth in paragraphs 5.02 and 5.04 shall be placed on a five year Plan pursuant to Statute.

7.10.     No party shall take any action against the Debtors, their assets, or assets of the estate inconsistent with the terms of the within Plan.

7.11.     The Debtors shall commence payments to the unsecured creditors on the effective date of the Plan at the monthly rate as provided herein.   The pro-rata distributions may be made from a disbursing account on a quarterly basis.

7.12.     The Debtors shall comply with post confirmation reporting requirements to the U.S. Trustee and payment of U.S. Trustee fees post confirmation until entry of Final Order as required by law.   Nothing contained in the Plan shall impose or expand the requirements for reporting and payment of fees as set forth by statute and/or case law.   In the event the case is converted to a case under Chapter 7, the assets shall re-vest in the

Chapter 7 estate.

7.13.    Any sale or refinance of property as provided herein may be made free and clear of liens as provided in the Code.  The Court shall specifically reserve jurisdiction to implement the Plan, to approve sale of property, and to direct such sale of property free and clear of lien where necessary or appropriate.

7.14.    Debtors reserve the right to object to any claim filed in the case and to assert any and all counterclaims against any party filing such a claim.

7.15.    Should the Debtors default on their obligations to pay secured creditors pursuant to the herein Plan, such creditors may exercise non-judicial remedies pursuant to State Law after fifteen (15) days written notice is given by first class mail postage prepaid.  Such a default shall not constitute a material default under the Plan.

7.16.    Confirmation of the herein Plan shall operate as a cure of any and all pre-confirmation defaults.

7.17.    Debtors reserve rights to object to the reasonableness of any attorneys fees and charges claimed by any secured creditor and to object to any claim of any creditor for which such creditor requests allowance.

7.18.    Debtors reserve rights to seek sanctions against any party to this proceeding or such party's attorney for violating Rule 9011 of the Federal Rules of Bankruptcy Procedure.

ARTICLE VIII

RETENTION OF JURISDICTION

8.01.    Notwithstanding Confirmation of the Plan, the Court

shall retain jurisdiction for, inter alia, the following purposes:

      1.    Determination of the allowance of claims upon objection to such claims by the Debtor based upon any provision of law, including, but not limited to any right of set off, counterclaims, statute of limitations, and any and all defenses thereto;

      2.    Determination of the validity, priority and extent of liens under any applicable provision of law;

      3.    Determination of requests for payment of claims entitled to priority under Bankruptcy Code Section 507(a)(1), including compensation of parties entitled thereto;

      4.    Determination of any counter claims against any party filing a claim in the case, and determination of any sanctions against any party to the case or such party's attorney for violating Rule 9011 of the Federal Rules of Bankruptcy Procedure;

      5.    Resolution of any disputes regarding the interpretation of the Plan;

      6.    Implementation of the provisions of the Plan and entry of Orders in aid of confirmation of the Plan, including without limitation, appropriate orders to protect the Debtor from creditor actions, approval of sale of property, orders for sale free and clear of liens and interests;

      7.    Modification of the Plan pursuant to Section 1127 of Title 11;

      8.    Determination of reasonableness of any attorneys fees and charges claimed by any creditor or lessor;

      9.    Avoidances of avoidable transfers pursuant to the

Bankruptcy Code and recovery of improper post petition transfers, and any reserved cause of action;

10. Determination of secured status, extent of secured status, and Debtors' right to recover expenses from property securing claim pursuant to Section 506 of the Bankruptcy Code;

11. Enforcement of all stipulations entered into by the Debtor in possession and Orders and Judgments made by the Court;

12. Collection of any sums due the Debtors from other parties or from any other source;

13. Determination of rights and causes of action reserved to the Debtors as provided herein; and

14. Entry of final decree.

ARTICLE IX

EFFECT OF CONFIRMATION

9.01. Confirmation of the Plan shall have the effect set forth in Bankruptcy Code Section 1141. The rights afforded herein, and the treatment of all claims and interests as set forth herein, shall be in full exchange for, and in complete satisfaction, discharge and release of, all claims and interests of any kind or nature whatsoever, whether known or unknown, matured or contingent, liquidated or unliquidated, existing, arising or accruing, whether or not yet due, prior to the Effective Date, including without limitation any claims or interest on claims, accruing on or after the commencement of the case against the Debtor, the estate, or assets or property thereof. Except as, and to the extent, expressly provided in the Plan or the Confirmation Order, at all times on and after the effective date, (a) all such claims against, and interests

in, the Debtors or the estate shall be deemed fully and finally satisfied, discharged and released; (b) all persons shall be fully and finally barred, enjoined and precluded from asserting against the reorganized Debtors or their assets, any claims or interests based upon act or omission, transaction, agreement, right, privilege, duty, entitlement, obligation or other event or activity of any kind or nature whatsoever that occurred prior to the effective date; and (c) all claims and interests shall be fully and finally discharged as provided in said Section 1141 of the Bankruptcy Code.

ARTICLE X

ALTERATION OF RIGHTS OF THIRD PARTIES

10.01.    Except as expressly stated in the Plan, nothing contained in the Plan or any action taken hereunder alters the rights of holders of claims or interests under Bankruptcy Code Sections 510(a) or 524(a).  Except as expressly stated in the Plan, holders of secured claims shall retain their liens on the Debtors' assets to the extent of the allowed amount of such claim.

ARTICLE XI

MISCELLANEOUS

11.01.    <u>Notice.</u>  All notices required or permitted to be made in accordance with the Plan or by the Code shall be in writing and shall be delivered personally, or by First Class mail:

        a.    To Debtor: David N. Chandler, Jr.
                   David N. Chandler, p.c.
                   1747 Fourth Street
                   Santa Rosa, CA 95404

        b.    To the Holder of an Allowed Claim, at the address set forth in the Allowed Proof of Claim, or if none, at the

address set forth in the Schedules prepared and filed with the Court pursuant to Section 1007(b).

11.02. <u>Effective Date.</u> For purposes of all determinations to be made pursuant to the Bankruptcy Code in respect to the Plan or any Claim or Interest, the "effective date" of the Plan shall be sixty (60) days following the date the Order of Confirmation becomes final.

11.03. <u>Reservation of Rights.</u> Neither the filing of this Plan nor any statement or provision contained herein, shall be or be deemed to be an admission against interest.

ARTICLE XII

CONFIRMATION REQUEST

12.01. Chuck H. Utzman and Anna K. Utzman, Debtors herein, request Confirmation of the Plan pursuant to Section 1129 of the Bankruptcy Code.


Dated:    4/30/15                    By: */s/ Chuck H. Utzman*
                                     CHUCK H. UTZMAN


Dated:    4/30/15                    By: */s/ Anna K. Utzman*
                                     ANNA K. UTZMAN



EXHIBIT "A"

Case: 14-31828   Doc# 37   Filed: 04/30/15   Entered: 04/30/15 17:28:49   Page 22 of 22