```
David N. Chandler, Sr.   SBN 60780
David N. Chandler, Jr.   SBN 235427
DAVID N. CHANDLER, p.c.
1747 Fourth Street
Santa Rosa, CA  95404
Telephone: (707) 528-4331

Attorneys for Debtors
```

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE:<br><br>CHUCK H. UTZMAN and<br>ANNA K. UTZMAN,<br><br>    Debtors.             / | CASE No. 14-31828 HLB<br><br>CHAPTER 11<br><br>OPPOSITION TO SUNTRUST MORTGAGE, INC.'S MOTION FOR RELIEF FROM AUTOMATIC STAY<br>Date:  May 14, 2015<br>Time:  1:00 p.m.<br>Place: 235 Pine St., 23rd Fl.<br>      San Francisco, CA |

Chuck and Anna Utzman, Debtors herein, oppose Suntrust Mortgage, Inc.'s Motion for Relief From Automatic Stay, and represent:

1. The within case was filed by voluntary petition under Chapter 11 of the Code on December 23, 2014.

2. Suntrust Mortgage, Inc. filed its Motion for Relief From Automatic Stay on April 7, 2015. <u>Docket No. 35</u>. Suntrust Mortgage, Inc. filed its corrected Motion for Relief From Automatic Stay on April 7, 2015 (the "Motion"). <u>Docket No. 36</u>.

3. The Motion requests an order lifting the stay relative to 169 Rose, Mill Valley California 94941, APN: 027-252-51 ("169 Rose") which is the central asset in this bankruptcy case, the Debtor's principal residence and an income producing property. The Motion asserts that "cause" exists under §362(d)(2) based on a lack of equity, a lack of adequate protection and based on 169 Rose not

Case: 14-31828   Doc# 45   Filed: 05/13/15   Entered: 05/13/15 16:58:20   Page 1 of 3

1

being necessary to an effective reorganization. Docket Nos. 34, 36.

    4.   The Debtors oppose the Motion on the basis that Suntrust Mortgage, Inc. is adequately protected by the value of 169 Rose despite the lack of equity. 11 U.S.C. § 362(d)(1). First, there exists a rising real estate market. Second, 169 Rose is an integral part of the Debtors' real estate development and, as the project progresses, the value of 169 Rose is enhanced. See United Sav. Ass'n of Texas v. Timbers of Inwood Forest Associates (1988) 484 U.S. 365 ("Timbers"), explaining that "adequate protection" protects a secured creditor against diminution of its "interest in property."

    5.   The Debtors further oppose the Motion on the basis that 169 Rose is necessary to an effective reorganization in prospect. 11 U.S.C. § 362(d)(2)(B); see also Timbers, supra, 484 U.S. at 375-76. The property is an income producing property and there is the potential for the property to produce rental income in excess of debt service under the Chapter 11 Plan. Docket No. 37. The Plan is on file with the Court and the hearing on the Debtors' Disclosure Statement is set for June 18, 2015. Docket Nos. 38, 44.

    6.   Tax liens on 165 Rose relative to the 2014/2015 assessment existed pre-petition notwithstanding that the second installment was due in April, 2015. Payment of 2014/2015 tax assessments thus would not constitute adequate protection within the meaning of Timbers. Timbers, supra, 484 U.S. 365.

    7.   Liens relating to 169 Rose which are junior to the lien of Suntrust Mortgage, Inc. are, in all likelihood, unsecured within the meaning of the Code. 11 U.S.C. § 506(a). The subordinate liens pose no risk whatsoever to the security position of Suntrust Mortgage, Inc.

8. Service of the Motion appears defective. <u>Docket No. 34-3</u>.

WHEREFORE, the Debtors pray that Suntrust Mortgage, Inc.'s Motion for Relief From Automatic Stay be denied, and for such other and further relief as the Court deems just and proper.

<pre>
                                        Respectfully submitted,

Dated:   5/12/15                        DAVID N. CHANDLER, p.c.


                                        By: <i>/s/ David N. Chandler, Jr.</i>
                                        DAVID N. CHANDLER, Jr.
                                        Attorney for Debtors
</pre>