```
 1  David N. Chandler, Sr.   SBN 60780
    David N. Chandler, Jr.   SBN 235427
 2  DAVID N. CHANDLER, p.c.
    1747 Fourth Street
 3  Santa Rosa, CA  95404
    Telephone: (707) 528-4331
 4
    Attorneys for Debtors
 5
 6
                     UNITED STATES BANKRUPTCY COURT
 7
                     NORTHERN DISTRICT OF CALIFORNIA
 8
 9
    IN RE:                          CASE No. 14-31828 HLB
10
    CHARLES HENRY UTZMAN and        CHAPTER 11
11  ANNA KATHRYN UTZMAN,
                                    OBJECTION TO CLAIM NO. 12
12                                  AND NOTICE OF OPPORTUNITY
         Debtors.         /         FOR HEARING
13
14       TO:  ISMAEL DELEON and EVAN LIVINGSTONE his attorney:

15       Charles Henry Utzman and Anna Kathryn Utzman, Debtors herein,

16  object to Claim No. 12 filed by Jaime DeLeon DBA DeLeon Painting as

17  follows:

18       1.   The Proof of Claim is filed as secured in the amount of

19  $58,000.  In Section 2, the basis of the claim is identified as

20  construction work performed on 169 Rose Ave Mill Valley CA."  In

21  Section 4, the nature of the property right is described as

22  "mechanic's lien not yet perfected."

23       2.   Mr. DeLeon was an unlicensed contractor at all relevant

24  times and is barred from recovering compensation.  See

25  Cal.Bus.Prof.Code § 7031.  Mr. DeLeon did not take the requisite

26  actions to create or perfect a mechanic's lien, much less continue

27  any such lien during this proceeding.  See Cal.Civ.Code §§ 8400, et

28
```

1

seq.; see also 11 U.S.C. §§ 362(b)(3), 546(b); <u>In re Baldwin Builders</u> (9th Cir.BAP 1999) 232 B.R. 406, 410-16, discussing perfection and continuation of mechanic's liens in California bankruptcy cases. The time to create a mechanic's lien has long expired. See Cal.Civ.Code § 8412.

    3. Claim No. 12 is not an allowable claim under 11 U.S.C. §§ 501, 502 and, in any event, is not secured.

NOTICE IS HEREBY GIVEN that Bankruptcy Local Rule 9014-1 of the United States Bankruptcy Court for the Northern District of California prescribes the procedures to be followed and that any objection to the requested relief, or a request for hearing on the matter, must be filed and served upon the initiating party within 30 days of mailing of the notice.

A request for hearing or objection must be accompanied by any declarations or memoranda of law the party objecting or requesting wishes to present in support of its position.

If there is not a timely objection to the requested relief or a request for hearing, the Court may enter an order granting the relief by default.

In the event an objection or request for hearing is timely made, the initiating party will give at least 7 days written notice of hearing to the objecting or requesting party, and to any trustee or committee appointed in the case.

PLEASE FURTHER BE ADVISED that Local Rule 3007-1 provides that where a factual dispute is involved, the initial hearing on the Objection shall be deemed a Status Conference at which the Court will not receive evidence. Where the objection involves only a

matter of law, the matter may be argued at the initial hearing.

Dated: 9/28/18                          DAVID N. CHANDLER, p.c.


                                        By: */s/ David N. Chandler, Jr.*
                                        DAVID N. CHANDLER, JR.
                                        Attorney for Debtors

B10 (Official Form 10) (04/13)

| UNITED STATES BANKRUPTCY COURT  Northern District of California | PROOF OF CLAIM |
|---|---|

Name of Debtor: Charles Henry Utzman and Anna Kathryn Utzman

Case Number: 14-31828

NOTE: *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing. You may file a request for payment of an administrative expense according to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):
Ismael DeLeon DBA Ismael DeLeon Construction

**COURT USE ONLY**

Name and address where notices should be sent:
Evan Livingstone, Attorney at Law
740 4th St, Ste 215
Santa Rosa, CA 95404

Telephone number: (707) 206-6570   email: evanmlivingstone@gmail.com

❏ Check this box if this claim amends a previously filed claim.

Court Claim Number:_____
   (*If known*)

Filed on:_____

Name and address where payment should be sent (if different from above):
Ismael DeLeon
1515 Lincoln Ave Apt 5
San Rafael, CA 94901

Telephone number: (415) 302-9781   email:

❏ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

**1. Amount of Claim as of Date Case Filed:** $ 58,000.00

If all or part of the claim is secured, complete item 4.

If all or part of the claim is entitled to priority, complete item 5.

❏ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

**2. Basis for Claim:** construction work performed on 169 Rose Ave Mill Valley CA
   (See instruction #2)

**3. Last four digits of any number by which creditor identifies debtor:**
__ __ __ __

**3a. Debtor may have scheduled account as:**
_____
(See instruction #3a)

**3b. Uniform Claim Identifier (optional):**
__ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __
(See instruction #3b)

**4. Secured Claim** (See instruction #4)
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

**Nature of property or right of setoff:** ☑Real Estate   ❏Motor Vehicle   ❏Other
**Describe:** mechanic's lien not yet perfected

**Value of Property:** $ 1,300,000.00

**Annual Interest Rate_____%** ❏Fixed or ❏Variable
(when case was filed)

**Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:**
$_____

**Basis for perfection:** _____

**Amount of Secured Claim:** $ 58,000.00

**Amount Unsecured:** $ 0.00

**5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507 (a).** If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.

❏ Domestic support obligations under 11 U.S.C. § 507 (a)(1)(A) or (a)(1)(B).

❏ Wages, salaries, or commissions (up to $12,475*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. § 507 (a)(4).

❏ Contributions to an employee benefit plan – 11 U.S.C. § 507 (a)(5).

❏ Up to $2,775* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507 (a)(7).

❏ Taxes or penalties owed to governmental units – 11 U.S.C. § 507 (a)(8).

❏ Other – Specify applicable paragraph of 11 U.S.C. § 507 (a)(__).

**Amount entitled to priority:**

$_____

*Amounts are subject to adjustment on 4/01/16 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**6. Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #6)

**7. Documents:** Attached are **redacted** copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, security agreements, or, in the case of a claim based on an open-end or revolving consumer credit agreement, a statement providing the information required by FRBP 3001(c)(3)(A). If the claim is secured, box 4 has been completed, and **redacted** copies of documents providing evidence of perfection of a security interest are attached. If the claim is secured by the debtor's principal residence, the Mortgage Proof of Claim Attachment is being filed with this claim. *(See instruction #7, and the definition of "redacted".)*

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

**8. Signature:** (See instruction #8)

Check the appropriate box.

☐ I am the creditor.  ☑ I am the creditor's authorized agent.  ☐ I am the trustee, or the debtor, or their authorized agent. (See Bankruptcy Rule 3004.)  ☐ I am a guarantor, surety, indorser, or other codebtor. (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name: Evan Livingstonne
Title: Attorney for Creditor
Company: Law Office of Evan Livingstone
Address and telephone number (if different from notice address above):
_____
_____
Telephone number:  email:

/s/Evan Livingstone    04/20/2015
(Signature)    (Date)

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

**INSTRUCTIONS FOR PROOF OF CLAIM FORM**
*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, exceptions to these general rules may apply.*
**Items to be completed in Proof of Claim form**

**Court, Name of Debtor, and Case Number:**
Fill in the federal judicial district in which the bankruptcy case was filed (for example, Central District of California), the debtor's full name, and the case number. If the creditor received a notice of the case from the bankruptcy court, all of this information is at the top of the notice.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card. If the claim is based on delivering health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information. You may be required to provide additional disclosure if an interested party objects to the claim.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As**:
Report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**3b. Uniform Claim Identifier:**
If you use a uniform claim identifier, you may report it here. A uniform claim identifier is an optional 24-character identifier that certain large creditors use to facilitate electronic payment in chapter 13 cases.

**4. Secured Claim:**
Check the

claim is entirely unsecured. (See Definitions.) If the claim is secured, check the box for the nature and value of property that secures the claim, attach copies of lien documentation, and state, as of the date of the bankruptcy filing, the annual interest rate (and whether it is fixed or variable), and the amount past due on the claim.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. § 507 (a).**
If any portion of the claim falls into any category shown, check the appropriate box(es) and state the amount entitled to priority. (See Definitions.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**7. Documents:**
Attach redacted copies of any documents that show the debt exists and a lien secures the debt. You must also attach copies of documents that evidence perfection of any security interest and documents required by FRBP 3001(c) for claims based on an open-end or revolving consumer credit agreement or secured by a security interest in the debtor's principal residence. You may also attach a summary in addition to the documents themselves. FRBP 3001(c) and (d). If the claim is based on delivering health care goods or services, limit disclosing confidential health care information. Do not send original documents, as attachments may be destroyed after scanning.

**8. Date and Signature:**
The individual completing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature. If you sign this form, you declare under penalty of perjury that the information provided is true and correct to the best of your knowledge, information, and reasonable belief. Your signature is also a certification that the claim meets the requirements of FRBP 9011(b). Whether the claim is filed electronically or in person, if your name is on the signature line, you are responsible for the declaration. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. If the claim is filed by an authorized agent, provide both the name of the individual filing the claim and the name of the agent. If the authorized agent is a servicer, identify the corporate servicer as the company. Criminal penalties apply for making a false statement on a proof of claim.

### DEFINITIONS

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is a person, corporation, or other entity to whom debtor owes a debt that was incurred before the date of the bankruptcy filing. See 11 U.S.C. §101 (10).

**Claim**
A claim is the creditor's right to receive payment for a debt owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the clerk of the same bankruptcy court in which the bankruptcy case was filed.

**Secured Claim Under 11 U.S.C. § 506 (a)**
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien.

A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. § 507 (a)**
Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor must show only the last four digits of any social-security, individual's tax-identification, or financial-account number, only the initials of a minor's name, and only the year of any person's date of birth. If the claim is based on the delivery of health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information.

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

### INFORMATION

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim or you may access the court's PACER system (www.pacer.psc.uscourts.gov) for a small fee to view your filed proof of claim.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 *et seq*.), and any applicable orders of the bankruptcy court.

9/2/10

Creditors Letter

To Whom It May Concern:

When we last wrote to you in March of this year, we were in negotiations with Sun Trust to secure the additional financing required to complete the construction and sale of our home. Unfortunately, after a couple of months of discussions the bank stopped communicating with us. Despite repeated phone calls from me and my attorney, the bank has not responded.

The good news is that they do not appear interested in a foreclosure. The bad news is that my engineering practice continues to have a fairly low workload and my financial resources are quite limited.

Consequently, I have decided to resume work on the project myself. So long as the status quo remains as is, we expect we will be able to eventually complete and sell the home—probably in the Fall of next year. At that point we expect to be able to make substantial settlements with all our creditors.

We are truly sorry that this is taking so long, but if everyone will remain patient we intend to get everyone paid. Please do not call us. All communications should be conducted in writing.

Yours truly,

Chuck and Anna Utzman
133 Eldridge Ave.
Mill Valley, CA 94941

707 676 9112

| Account number | |
|---|---|
| Name | Ismael Deleon Construction |
| Address | 1311 Redwood Circle |
| | San Pablo, Ca 94806 |
| Basis for debt | Work at 169 Rose |
| Claim Amount | 50000 |
| Referred to | |

# CERTIFICATE OF SERVICE

I am a citizen of the United States, and over the age of eighteen (18) years, employed at 1747 Fourth Street, Santa Rosa, California, and not a party to the within action.

On September 28, 2018, I served a copy of the within: OBJECTION TO CLAIM NO. 12 AND NOTICE OF OPPORTUNITY FOR HEARING on the interested parties in said action by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid in the United States post office mail box at Santa Rosa, California, addressed as follows:

| | |
|---|---|
| Ismael DeLeon<br>1515 Lincoln Ave Apt 5<br>San Rafael, CA 94901 | Ismael DeLeon<br>c/o Evan Livingstone, Attorney<br>740 4th St., Ste. 215<br>Santa Rosa, CA 95404 |

I, JANE F. KAMAS, declare under penalty of perjury that the foregoing is true and correct.

Executed on September 28, 2018, Santa Rosa, California.

                                                         /s/ Jane F. Kamas
                                                       JANE F. KAMAS