**Entered on Docket**
**December 18, 2018**
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA



Signed and Filed: December 18, 2018

David N. Chandler, Sr. SBN 60780
David N. Chandler, Jr. SBN 23542'
DAVID N. CHANDLER, p.c.
1747 Fourth Street
Santa Rosa, CA  95404
Telephone: (707) 528-4331  _____

**HANNAH L. BLUMENSTIEL**
Attorneys for Debtors         **U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: | CASE No. 14-31828 HLB |
| CHUCK H. UTZMAN and ANNA K. UTZMAN, | CHAPTER 11 |
| Debtors.                         / | ORDER CONFIRMING CHAPTER 11 PLAN OF REORGANIZATION |

   The Chapter 11 Plan of Reorganization, dated October 3, 2018 [Doc. # 273] (the "Plan") having been filed by the Debtors; a hearing having been held on confirmation of the Plan on December 13, 2018 before the above-entitled Court; appearances having been made at the hearing by David N. Chandler, Jr. on behalf of the Debtors, Trevor Fehr on behalf of the United States Trustee, Peter Muñoz on behalf of SunTrust Bank and Tomas Ortiz on behalf of Stewart Title Guaranty Company; and good cause appearing therefore,

   IT IS HEREBY ORDERED:

   The Plan having been filed under Chapter 11 of the Bankruptcy Code by Chuck H. Utzman and Anna K. Utzman, Debtors herein, on October 3, 2018 [Doc. # 273]; and the Plan having been transmitted to creditors and equity security holders; and it having been determined after hearing on notice on December 13, 2018:

1. The Plan has been accepted in writing by the creditors and equity security holders as is required by law.

2. The provisions of Chapter 11 of the Code have been complied with, the Plan has been proposed in good faith and not by any means forbidden by law.

3. Each holder of a claim or interest will receive or retain under the Plan, property of a value, as of the effective date of the Plan, that is not less than the amount such holder would receive or retain if the estate were liquidated under Chapter 7 of the Code on such date.

4. All payments made or promised by the Debtors, or by a person issuing securities, or acquiring property under the Plan, or by any other person for services or for costs and expenses, or in connection with the Plan, and incident to the case, have been fully disclosed to the Court and are reasonable or, if to be fixed after confirmation of the Plan, will be subject to the approval of the Court.

5. The identity, qualifications, and affiliations of the persons who are to be directors or officers, or voting Trustees, if any, of the Debtors, after confirmation of the Plan, have been duly disclosed and the appointment of such persons to such offices, or their continuances therein, is equitable, and consistent with the interest of the creditors and equity security holders and with public policy.

6. The identity of any insiders that will be employed or retained by the Debtors and their compensation have been fully disclosed.

7. Confirmation of the Plan is not likely to be followed by

1 the liquidation, or the need for further financial reorganization,
2 of the Debtors or any successor to the Debtors under the Plan.
3     IT IS ORDERED as follows:
4     The Plan filed by Chuck H. Utzman and Anna K. Utzman, Debtors
5 herein, on October 3, 2018 [Doc. # 273] is approved and confirmed.
6     IT IS FURTHER ORDERED:
7     1.   The Stipulation for Compromise of Controversies,
8 Restructure and Assumption of Secured Loan, and Release of Claims
9 (the "Stipulation"), attached hereto as Exhibit A and already made
10 a part of the Plan, is hereby approved, and the Debtors are directed
11 to comply with the terms of the Stipulation.
12     2.   SunTrust Bank's rights under the Stipulation are
13 confirmed.
14     3.   SunTrust Bank's allowed secured claim and first priority
15 lien subject only to the Agreed Senior Encumbrances are confirmed.
16     4.   Pursuant to the Stipulation, the Debtors are directed to
17 take necessary action to remove the Specified Mechanics Liens and
18 the Specified Judgment Liens from the Subject Property.
19     5.   Pursuant to the Stipulation, the Debtors are directed to
20 have the executed Amended and Restated Note be dated as of the
21 Confirmation Date and delivered to SunTrust Bank.
22     6.   Pursuant to the Stipulation, the Debtors are directed to
23 have the Survey dated as of the Confirmation Date and appropriately
24 and promptly recorded.
25     7.   Pursuant to the Stipulation, the Debtors are directed to
26 take necessary action to have the Parking Easement dated as of the
27 Confirmation Date and appropriately and promptly recorded.
28     8.   Pursuant to the Stipulation, the Debtors are directed to

1 take necessary action to have the Sewer and Utility Easement dated
2 as of the Confirmation Date and appropriately and promptly recorded.
3     9.   Pursuant to the Stipulation, the Debtors are directed to
4 take necessary action to have the Modification of Deed of Trust
5 dated as of the Confirmation Date and appropriately and promptly
6 recorded.
7     10.  Pursuant to the Stipulation, the Debtors are directed to
8 take necessary action to have any other documents as are provided
9 for in Section 8 of the Stipulation executed, notarized and
10 appropriately and promptly recorded.
11     11.  The Title Insurance Company is authorized to rely upon the
12 Confirmation Order in issuing a date down indorsement to SunTrust
13 Bank's existing title insurance policy relating to SunTrust Bank's
14 lien (or at the option of SunTrust Bank and the Title Insurance
15 Company a new title policy) acceptable to SunTrust Bank insuring
16 SunTrust Bank's first priority lien under its Deed of Trust
17 following the amendment and modification of its secured obligation
18 and its Deed of Trust as provided in Section 9 of the Stipulation
19 subject in priority only to the Agreed Senior Encumbrances.

**\*\*END OF ORDER\*\***

Approved as to Form and Content

REED SMITH LLP


By: */s/ Peter S. Muñoz*
    Peter S. Muñoz,
    Attorney for SunTrust Bank

COURT SERVICE LIST

None.